UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES FLORENCE, Jr.,<br><br>Defendant | Criminal No. 25cr10024<br><br>Violations:<br><br><u>Counts One through Seven</u>: Cyberstalking (18 U.S.C. § 2261A(2)(B))<br><br><u>Count Eight</u>: Possession of Child Pornography (18 U.S.C. § 2252A(a)(5)(B))<br><br><u>Child Pornography/Child Exploitation Forfeiture Allegation (18 U.S.C. § 2253)</u> |

## <u>INFORMATION</u>

The United States Attorney charges:

### <u>**Background**</u>

At all times relevant to this information:

1. Defendant James Florence Jr. ("FLORENCE") resided in the District of Massachusetts. FLORENCE has an educational and professional background in technology. He worked as an Information Technology professional in the District of Massachusetts during the relevant time period, including ten years of work experience at an emerging technology organization, performing contract work for the United States government.

2. Victim 1 was a former friend of FLORENCE and resided in the District of Massachusetts during the relevant time period. Victim 1 worked as a university professor in Massachusetts.

3. Victim 2 is a relative of one of FLORENCE's friends and resided in the Central District of Florida and the District of Massachusetts during the relevant time period. Victim 2 worked in the hospitality industry in Florida.

4. Victim 3 is a relative of one of FLORENCE's friend and resided in the District of Massachusetts during the relevant time period. Victim 3 worked in higher education in Massachusetts.

5. Victim 4 is a relative of FLORENCE and resided in the District of Massachusetts during the relevant time period. Victim 4 worked as a pre-school teacher in Massachusetts.

6. Victim 5 was a former co-worker of FLORENCE and resided in the District of Massachusetts during the relevant time period. Victim 5 worked in information technology in Massachusetts.

7. Victim 6 was a former intimate partner of FLORENCE and resided in the District of Massachusetts during the relevant time period. Victim 6 worked as director of a children's daycare in Massachusetts.

8. Victim 7 is the daughter of Victim 5 and resided in the District of Massachusetts during the relevant time period. Victim 7 was a full-time student in Massachusetts.

## Overview

9. From in or about January of 2014 through September 11, 2024, FLORENCE engaged in an extensive cyberstalking campaign targeting Victim 1 and those associated with her. During the same timeframe, FLORENCE also engaged in separate cyberstalking activity aimed at other victims. FLORENCE used a variety of techniques and methods to harass and intimidate his victims and others in the community, including making fake nude images of the victims, doxing or exposing victims' personal information, creating vulgar fake accounts in

the victims’ names, and accessing online accounts without authorization (i.e. "hacking") the victims’ accounts.

10. FLORENCE's cyberstalking campaigns included:

- obtaining-and then widely distributing-private information about the victims, which included private photographs or photographs shared amongst friends on social media. These photographs were frequently doctored to appear sexual or pornographic in nature;
- accessing online accounts without authorization;
- creating accounts in the name of his victims and soliciting fantasy sexual encounters on their behalf, and in the case of one victim, those fabricated sexual encounters included building a profile of that victim on an interactive platform, which included information about the victim’s apparent preference for G-strings and thongs, that she was sexually adventurous, used sex toys and had a sex swing in her home, and listed her actual home address;
- posing as his victims by creating impersonation accounts in their names and then posting or sending various harmful content from those accounts;
- encouraging others to extort, shame, defame, and intimidate victims for pornographic material; and
- stealing victims’ underwear and using photos of the underwear to both harass those victims or engage with others on the internet to further mutual sexual fantasies.

11. FLORENCE employed a number of techniques to hide his identity online, for example, by using Virtual Private Network ("VPN") services; using anonymous overseas “revenge porn” websites; and using foreign encrypted email providers that do not respond to United States law enforcement and/or do not maintain IP logs or other records.

12. FLORENCE has significant knowledge of and experience with computers and was previously employed at software companies, as well as at an emerging technology organization, performing work for the United States government .

**VICTIM 1**

13. In late 2017, FLORENCE posted an advertisement, which included a photograph of Victim 1's underwear on Craigslist, in a section of the website soliciting casual sexual encounters. The advertisement was created to look as if it was posted by Victim 1.

14. At some point in 2020 or prior to 2020, FLORENCE created several Twitter accounts and used them to send Victim 1 the same photos of her underwear, claiming to be in possession of them. FLORENCE also created another account that included Victim 1's first name and "32DD" which he used to post photos of the underwear. FLORENCE used those accounts to "tag" Victim 1's real Twitter account to those vulgar tweets, which meant that the (underwear tweets, etc.) were directly linked to the Victim's twitter account. The Victim had to delete her twitter account as a result.

15. At some point in February 2023 or prior to February 2023, FLORENCE posted images of Victim 1 on the website www.ladies.exposed. Images included a variety of photo collages that included images that had been edited to make Victim 1 appear to be nude or semi-nude, and included a photo of Victim 1's actual driver's license, Victim 1's then true phone number, true email addresses, true home address, a photo of Victim 1's then current residence, and Victim 1's professional information. Captions of the uploaded images included "Own & Share [Victim 1] – Make This Whore Famous", "Humiliate & Share Webslut [Victim 1]", and "Fully Exposed Webslut [Victim 1]. Post & Share Her Everywhere. Make The Whore Famous".

16. As a result of these postings, messages were sent to Victim 1 via email and text message by unknown individuals. These emails included threats to disseminate Victim 1's images to coworkers and/or students if she did not comply with the senders' demands, which included a demand that she produce sexual images.

17. In May of 2023, FLORENCE posted Victim 1's personal information, including personal email addresses, home address, professional contact information, account passwords, and even a list of hair colors Victim 1 has dyed her hair, on publicly accessible websites.

18. Between June of 2023 and April of 2024, FLORENCE created at least seven Reddit accounts utilizing Victim 1's name and images. At least three of the Reddit accounts posted digitally altered images depicting Victim 1 as nude or semi-nude. FLORENCE posted a photo of Victim 1's driver's license (with information such as her address) and included the message "Accept It Your Exposure Is Permanent Slut" in the biography section of the user profile. This same Reddit account also posted a section titled "Fan Tributes" consisting of eight photos of erect penises in front of a digital image of Victim 1. The section ended with the statement "Enjoy Your Exposure You Naughty Bimbo. You Belong To The Internet."

19. Victim 1's name, image, and personal information was also used by FLORENCE to create at least three artificial intelligence-driven chatbots on two different platforms between approximately September of 2023 and July of 2024. The chatbots were programmed with Victim 1's personal and professional information which would then inform the chatbot on how to respond to users during a chat. By way of example, if another user interacting with the chatbot asked the "Victim 1" profile, created by FLORENCE, where she lived, the chatbot could provide Victim 1's true home address followed by "Why don't you come over?"

20. Victim 1's images, including images altered to make Victim 1 appear nude or semi-nude, were posted by FLORENCE to numerous photo-sharing and/or pornography platforms where users could view, download, and/or comment on the images.

21. FLORENCE posted Victim 1's name, image, and/or other personal information on at least 15 websites. At least 30 unique accounts were used by FLORENCE to harass,

impersonate, or otherwise cause Victim 1 substantial emotional distress. To date, Victim 1 has received dozens of distressing text messages, emails, or calls from unknown senders addressed to Victim 1 discussing her image and information posted online through August of 2024.

22. On Wednesday, September 11, 2024, following the execution of a federal search warrant at FLORENCE's residence, federal agents located dozens of pairs of women's underwear in multiple places in the home, including underwear believed to belong to Victim 1.

23. Federal agents also located and then forensically examined numerous digital devices. During that forensic review agents identified at least an additional six victims who were victimized by FLORENCE.

24. Furthermore, agents recovered 62 images and four videos of child pornography in a folder labeled "FF Models\Sandra" on FLORENCE's Seagate hard drive. The images and videos depicted females between the ages of approximately eight and fifteen years of age.

**VICTIM 2**

25. In or around 2011, FLORENCE created a Facebook account using Victim 2's name and likeness. The account appeared to be a copy of Victim 2's true Facebook account at that time. Shortly after becoming aware of this duplicate account, Victim 2 began receiving messages on Facebook from men she didn't know. These accounts sent Victim 2 photographs of her own underwear.

26. In or around 2013, FLORENCE created a MySpace account and posted nude, explicit or provocative photographs of Victim 2, which depicted Victim 2's face on other women's bodies. A few months later, a friend of Victim 2 notified her of a Facebook account, which FLORENCE had created, which had posted numerous photographs of Victim 2's face on various bodies, including images depicting nudity; there were approximately 20 different profile

photos of her associated with this account. All of the photos that were explicit, nude, or semi-nude, contained Victim 2's true face on another person's body. The account also contained personally identifying information about Victim 2, including her name and high school.

27. In addition to Facebook, FLORENCE posted photos of Victim 2, including digitally altered photos of her to make her look provocative or sexualized, on other websites on the internet, including Classmates.com, which was still active and visible as of December 2024.

28. In and around 2013, FLORENCE added (friended) the accounts of other classmates and friends of Victim 2 using the false Facebook account, which included images depicting Victim 2's face on the nude bodies of other women. This act made the content of that account available to the friends and classmates of Victim 2. Victim 2 was regularly teased and harassed at school by others who had seen the explicit photos.

29. On May 26, 2018, FLORENCE reached out to Victim 2 on Facebook using a profile with a false name and photo, asking her if she was accepting payment for Snapchat photos or her underwear. Using the same false account, FLORENCE sent another message to Victim 2 in October of 2020 stating, "let me pay to see that body [Victim 2]".

30. In February of 2021 and continuing until at least July 21, 2022, FLORENCE communicated with Victim 2 through a different false account on Facebook. These messages contained at least one photo of Victim 2's underwear. The photo was accompanied by messages like "this thong look familiar, [Victim 2]?", "i love your panties, [Victim 2]", and " I have 2 more pairs too".

31. During the execution of the search warrant at FLORENCE's residence, agents located underwear which was believed to belong to Victim 2. In addition, numerous explicit

photos featuring Victim 2's face on the body of other women were located on a Seagate hard drive found in FLORENCE's home.

**VICTIM 3**

32. In or around of the end of 2008 or the beginning of 2009, FLORENCE contacted Victim 3, who was approximately 15 years old at the time, utilizing a MySpace account with the username "ilove [Victim 3]". The MySpace account contained photos of Victim 3, which were not explicit but nevertheless made her uncomfortable. FLORENCE used the account to anonymously message that he had "feelings" for Victim 3.

33. Approximately one year later, Victim 3's password for her Myspace account was changed without her knowledge and she was locked out of her account. At about the same time, FLORENCE compromised Victim 3's AOL account. Victim 3's AOL instant messenger account was changed to list "sensual message" under her name in the bio. The account also contained a link to a MySpace account with explicit photographs of Victim 3, which depicted her face on numerous provocative, nude, or semi-nude images.

34. In March 2010, FLORENCE created an account with a username that Victim 3 had previously used. This account also used an image of Victim 3 as the profile picture on the photo sharing website Flickr. The account contained over 112 images of Victim 3, most of them were provocative in nature and three of which included the text "JAILBAIT." The account also displayed a photo of underwear laid out on a bed with the text "STOLEN JAILBAIT PANTIES" and "She knows they're missing." The Flickr account contained a link to the website [Victim 3 first and middle names].tk.

35. In April or May of 2012, when Victim 3 was a senior in high school, Victim 3 became aware of an impersonation account in her name on Facebook. This account had been

created by FLORENCE. This account publicly listed her address and phone number and included altered explicit, nude, or semi-nude photos of Victim 3. Victim 3 endured persistent sexual harassment as a result of these postings. At or near this same time, FLORENCE also took control of Victim 3's actual Facebook account, which he continued to access and utilize as late as November of 2022.

36. In 2013, FLORENCE took over Victim 3's YouTube account. FLORENCE subsequently posted an altered photo depicting Victim 3's face on a female body wearing only a t-shirt and underwear. During this same period of time, Victim 3 was informed by a family friend that an image of her, which was altered to appear as if she had semen on her face, had been posted on the internet. FLORENCE created impersonation accounts in Victim 3's name on multiple platforms like OkCupid, Twitter, Gmail, Yahoo, AOL Instant Messenger, and Facebook, as recently as May of 2024.

37. During the execution of the search warrant at FLORENCE's residence, agents recovered underwear believed to belong to Victim 3 in FLORENCE's home. Agents also located several of the provocative images of Victim 3 that were posted to the internet by FLORENCE, along with additional digitally altered images of Victim 3, which put her face on nude or semi-nude bodies.

**VICTIM 4**

38. In September of 2011, FLORENCE emailed himself at least three images of Victim 4, which had been altered to depict Victim 4's face on other women's nude, or semi-nude, bodies.

39. In December of 2011, FLORENCE created a Classmates.com account in the name of Victim 4, which was ultimately terminated by the site administrator for posting "inappropriate photos".

40. Sometime in 2011, FLORENCE took over Victim 4's Facebook account and posted fake semi-nude photos of Victim 4, which depicted Victim 4's face on other women's semi-nude bodies.

41. In or about 2019, FLORENCE posted explicit photos of Victim 4 on an escort website.

42. Following the execution of the search warrant, Images of Victim 4 were found on FLORENCE's phone that had been altered to include written text over the photos with sexual overtures to the viewer like, "I have till 6. Come over and fuck me."

43. On February 28, 2023, FLORENCE uploaded a number of images of Victim 4, on multiple occasions to the website www.ladies.exposed.com with captions that included "My Cousin [Victim 4] Risk", "My Cousin [Victim 4] Risked", "My Cousin [Victim 4]", "risk my cousin [Victim 4] fucked her", "risk fucking my cousin [Victim 4]", and "risk. Fucked my cousin [Victim 4]".

44. FLORENCE created impersonation accounts using Victim 4's name and information on platforms like OkCupid, Twitter, Yahoo, Classmates.com, and Facebook, as recently as December of 2024.

**<u>VICTIM 5</u>**

45. In and around October of 2022, FLORENCE posted ads on Craigslist offering Victim 5's underwear to share with others with a similar fetish, identifying her as a co-worker as well as by first name.

46. On February 28, 2023, FLORENCE uploaded one image of Victim 5 to www.ladies.exposed with the caption, "Risking [Victim 5] Upskirt. I steal her socks & panties". Then again on March 3, 2023, FLORENCE uploaded one image of Victim 5 to www.ladies.exposed with the caption, "[Victim 5] Upskirt Risk".

47. On diverse dates in 2022 and 2023. FLORENCE took voyeuristic or surreptitious photos of Victim 5 often from behind her when they spent time together.

48. During a forensic review of FLORENCE's devices, agents located at least eleven homemade wallpapers on FLORENCE's Pixel 6 Pro phone with Victim 5's likeness and her full name, which also refer to her as an "Asian baby factory". Also recovered from that phone by agents were several voyeuristic photos of Victim 5 from behind her in a hotel and other locations. Agents located a website banner, which read "PervOn [Victim 5]" and a text file with passwords for unknown accounts attributed to Victim 5 on FLORENCE's desktop.

**VICTIM 6**

49. Beginning in June of 2020 and continuing to September of 2024, on numerous occasions, FLORENCE uploaded numerous nude and pornographic images and videos of Victim 6 to several websites, including, but not limited to, www.ladies.exposed. Many of these images and videos were surreptitiously recorded from intimate relations between FLORENCE and Victim 6 without Victim 6's knowledge. FLORENCE included comments or captions such as "love this whore", "teen whore [Victim 6] exposed", "Teen Slut [Victim 6] Ass Risk", "Teen Slut [Victim 6] BJ Risk", "Teen Slut [Victim 6] Panties Risk", and numerous others when he posted these images and videos.

50. In addition, between April of 2021 and March of 2022, FLORENCE posted at least twelve separate advertisements on Craigslist for Victim 6's underwear, which referenced

Victim 6 and links to photos of her on the free image hosting website, imgur.com. During the execution of the search warrant at FLORENCE's residence, agents recovered underwear believed to belong to Victim 6. Images of this underwear were also located by agents during a forensic review of FLORENCE's Pixel 6 Pro phone.

51. During a forensic review of FLORENCE's devices, agents located numerous images and videos of Victim 6 performing sexual acts with filenames like "[Victim 6] Spitroast", "[Victim 6] fucked", and " [Victim 6] The Slut" on FLORENCE's desktop computer. These images and videos were consistent with the ones filmed and uploaded without Victim 6's knowledge or permission by FLORENCE. Agents also recovered digital evidence that FLORENCE was selling or attempting to sell images of Victim 6 in her underwear to others on the internet for money; again, without the knowledge or permission of Victim 6.

**VICTIM 7**

52. In December of 2021, when Victim 7 was 17 years old, FLORENCE, who was in his thirties at that time and had known Victim 7 since she was seven years old, began contacting her over Instagram using an account with a false name. This account, which was controlled by FLORENCE, professed feelings for Victim 7 in attempt to develop an intimate relationship with her. While the statements made by this account were not explicit in nature, FLORENCE told Victim 7 the city where she lived and indicated he was "nearby". The statements made Victim 7 very uncomfortable, and she blocked the accounts.

53. Between May 2021 and August 2023, FLORENCE contacted Victim 7 approximately four times over Facebook Messenger using a fictitious name and profile photo. On August 31, 2023, FLORENCE, using this account, sent Victim 7 a drooling emoji and the

messages "you have really cute panties and bras [Victim 7 name]" and "that purple gstring with the matching bra is my favorite".

54. In May of 2024, FLORENCE posted a photo of Victim 7's underwear on Instagram using an account purportedly in her name. The posting of her underwear and socks included the caption "Quite The Collection Don't You Think" and tagged Victim 7's true Instagram account. Victim 7 realized that the photo contained underwear and socks of hers that were missing.

55. During the execution of the search warrant at FLORENCE's residence, agents recovered underwear believed to belong to Victim 7. The underwear and socks located by agents matched the underwear and socks in images posted on Instagram by FLORENCE.

COUNT ONE
Cyberstalking
(18 U.S.C. § 2261A(2)(B))

56. The United States Attorney realleges and incorporates by reference the allegations in paragraphs 1-24 of this Information and charges that:

57. From in or about January 2014 through in or about September 2024, in the District of Massachusetts and elsewhere, the defendant,

JAMES FLORENCE, Jr.,

did, with intent to harass and intimidate another person, Victim 1, use interactive computer services, electronic communications services, and electronic communication systems of interstate commerce, specifically text messages, social media direct messages, emails, and online postings, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 1.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

COUNT TWO
Cyberstalking
(18 U.S.C. § 2261A(2)(B))

58. The United States Attorney realleges and incorporates by reference the allegations in paragraphs 1-12 and 25-31 of this Information and further charges that:

59. From in or about June 2011 through in or about September 2024, in the District of Massachusetts and elsewhere, the defendant,

JAMES FLORENCE, Jr.,

did, with intent to harass and intimidate another person, Victim 2, use interactive computer services, electronic communications services, and electronic communication systems of interstate commerce, specifically text messages, social media direct messages, emails, and online postings, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 2.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

COUNT THREE
Cyberstalking
(18 U.S.C. § 2261A(2)(B))

60. The United States Attorney realleges and incorporates by reference the allegations in paragraphs 1-12 and 32-37 of this Information and further charges that:

61. From in or about 2009 through in or about September 2024, in the District of Massachusetts and elsewhere, the defendant,

JAMES FLORENCE, Jr.,

did, with intent to harass and intimidate another person, Victim 3, use interactive computer services, electronic communications services, and electronic communication systems of interstate commerce, specifically text messages, social media direct messages, emails, and online postings, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 3.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT FOUR
Cyberstalking
(18 U.S.C. § 2261A(2)(B))

62. The United States Attorney realleges and incorporates by reference the allegations in paragraphs 1-12 and 38-44 of this Information and further charges that:

63. From in or about January 2008 through in or about September 2024, in the District of Massachusetts and elsewhere, the defendant,

JAMES FLORENCE, Jr.,

did, with intent to harass and intimidate another person, Victim 4, use interactive computer services, electronic communications services, and electronic communication systems of interstate commerce, specifically text messages, social media direct messages, emails, and online postings, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 4.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT FIVE
Cyberstalking
(18 U.S.C. § 2261A(2)(B))

64. The United States Attorney realleges and incorporates by reference the allegations in paragraphs 1-12 and 45-48 of this Information and further charges that:

65. From in or about March 2007 through in or about September 2024, in the District of Massachusetts and elsewhere, the defendant,

JAMES FLORENCE, Jr.,

did, with intent to harass and intimidate another person, Victim 5, use interactive computer services, electronic communications services, and electronic communication systems of interstate commerce, specifically text messages, social media direct messages, emails, and online postings, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 5.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

COUNT SIX
Cyberstalking
(18 U.S.C. § 2261A(2)(B))

66. The United States Attorney realleges and incorporates by reference the allegations in paragraphs 1-12 and 49-51 of this Information and further charges that:

67. From in or about June 2020 through in or about September 2024, in the District of Massachusetts and elsewhere, the defendant,

JAMES FLORENCE, Jr.,

did, with intent to harass and intimidate another person, Victim 6, use interactive computer services, electronic communications services, and electronic communication systems of interstate commerce, specifically text messages, social media direct messages, emails, and online postings, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim 6.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

<u>COUNT SEVEN</u>
Cyberstalking
(18 U.S.C. § 2261A(2)(B))

68. The United States Attorney realleges and incorporates by reference the allegations in paragraphs 1-12 and 52-55 of this Information and further charges that:

69. From in or about December 2021 through in or about September 2024, in the District of Massachusetts and elsewhere, the defendant,

JAMES FLORENCE, Jr.,

did, with intent to harass and intimidate another person, Victim 7, use interactive computer services, electronic communications services, and electronic communication systems of interstate commerce, specifically text messages, social media direct messages, emails, and online postings, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 7.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

COUNT EIGHT
Possession of Child Pornography
(18 U.S.C. § 2252A(a)(5)(B))

The United States Attorney also alleges:

70. On or about September 11, 2024, in the District of Massachusetts, the defendant,

JAMES FLORENCE, Jr.,

knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

CHILD PORNOGRAPHY/CHILD EXPLOITATION FORFEITURE ALLEGATION
(18 U.S.C. § 2253)

The United States Attorney further alleges:

71. Upon conviction of the offense in violation of Title 18, United States Code, Section 2252A(a)(5)(B), set forth in Count Eight, the defendant,

JAMES FLORENCE, Jr.,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253, (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a. Silver MacBook Pro, Serial LFX9TC40F9
b. White Desktop Computer, possibly custom made, Serial 01193600014368
c. Silver Apple IPAD, Model A1673, Serial DMPT2347H1MK
d. Rog Strix Laptop Serial N2NRKD026532065
e. San Disk Extreme 64 G Micro SD Card
f. Samsung Micro SD Card 64 G
g. San Disk Micro SD Card 64 G
h. Lexar 4 G Micro SD card
i. PNY 32G flash drive
j. Western Digital My Passport, Serial WX71E23VAP57
k. Seagate Hard Drive, Serial 6QF3FLK4
l. Western Digital Hard Drive, Serial WCALL1648954

m. Four USB thumb drives:

   1. SanDisk,
   2. ONY,
   3. Staple, and
   4. "Celebrate Your Sexy"

n. Google Pixel 6 Pro, IMEI 351804613470848

72. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 2253, as a result of any act or omission of the defendant—

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States of America, pursuant to Title 18, United States Code, Section 2253(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 2253.

LEAH B. FOLEY
UNITED STATES ATTORNEY

By: ______________________________
LUKE A. GOLDWORM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

January 23, 2025